**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN L. FLOOD, et al | : | No. 3:03-CV-01803-ARC |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS A. MAKOWSKI, ESQUIRE, et al | : | |
| Defendants | : | |

---

**PARTIAL MOTION TO DISMISS THIRD PARTY COMPLAINT AGAINST
MICHAEL MORREALE PURSUANT TO F.R.C.P. 12(b)(6)**

Third party defendant, Michael Morreale (hereinafter Mr. Morreale), submits this Partial Motion to Dismiss and avers as follows:

1.      Third party defendant, Mr. Morreale, incorporates by reference the Factual Background and Procedural Background sections of the Honorable A. Richard Caputo's Memorandum In Determination Of Motions To Dismiss filed by various defendants.  <u>See</u> a true and correct copy of the Memorandum of the Honorable A. Richard Caputo attached hereto as Exhibit "A."

2.      On or about September 30, 2004, defendants/third party plaintiffs Thomas A. Makowski, Thomas P. Pizano, Frank Crossin and Joseph Jones (hereinafter "third party plaintiffs") asserted third party claims against Mr. Morreale.  <u>See</u> a true and correct copy of third party complaint attached hereto as Exhibit "B."

3.      The third party plaintiffs allege that Mr. Morreale is a member of the Luzerne County Retirement Board which is comprised of five members, including three Luzerne County Commissioners, the Luzerne County Treasurer and the Luzerne County Controller.  <u>See</u> Exhibit "B" at ¶ 7-8.

4.      In Count II, third party plaintiffs allege, without factual support, that Mr. Morreale must indemnify third party plaintiffs.  See Exhibit "B" at ¶ 39.

5.      Count II of the third party complaint for indemnification must be dismissed because it fails to plead that third party defendant, Mr. Morreale, was substantially responsible for the plaintiffs' alleged injuries.

6.      The Restatement (Second) of Trusts § 258 provides the rule for contribution and indemnity of a co-trustee.  The Restatement states as follows:

(1)      Except as stated in subsection (2), where two trustees are liable to the beneficiary for a breach of trust, each of them is entitled to contribution from the other except that

(a)      If one of them is substantially more at fault that the other, he is not entitled to contribution from the other but the other is entitled to indemnification from him; or

(b)      If one of them receives a benefit from the breach of trust, the other is entitled to indemnity from him to the extent of the benefit; and any further liability, if neither is more at fault than the other, each is entitled to contribution.

(2)      A trustee who commits a breach of trust in bad faith is not entitled to contribution or indemnification from his co-trustee.

7.      Pursuant to the Restatement (Second) of Trusts § 258, a party may only be indemnified when one of the co-trustees is substantially more at fault than the others.

8.      Mr. Morreale's vote was one of five and it carried the same weight and effect as the other Board members' votes.  Each Board member had the same responsibilities and owed the same duties to the Plan.

130306.1

9.     The third party plaintiffs are not entitled to indemnification from Mr. Morreale because, as a matter of law, he was not and could not be substantially more at fault and/or more responsible than other Board members for investment decisions made by the Board on behalf of the Plan.

10.     The third party plaintiffs are not entitled to indemnification from Mr. Morreale as a matter of law pursuant to the Restatement (Second) of Trusts § 258.

11.     Based upon the foregoing, the third party defendant respectfully requests the Court to Dismiss With Prejudice Count II of the third party complaint against third party defendant, Michael Morreale, for failure to state a claim for which relief can be granted.

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P.


By:     _____
        Louis J. Isaacsohn, Esquire
        Attorney for Plaintiffs/counter-defendants
        Stephen L. Flood, the Luzerne County Controller, the Luzerne
        County Retirement Board and
        Third Party Defendant
        Michael Morreale

- 3 -

## CERTIFICATE OF SERVICE

Louis J. Isaacsohn, Esquire, attorney for Defendants, Stephen L. Flood, the Luzerne County Controller, the Luzerne County Retirement Board and Third-Party defendant, Michael Morreale, certifies that on December ___, 2004 he sent by United States mail, first class, postage prepaid, a true and correct copy of Partial Motion To Dismiss Third Party Complaint Against Michael Morreale Pursuant To F.R.C.P. 12(b)(6) to:

Albert S. Dandridge, III, Esquire
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Phila., PA 19103

Christopher P. Cullen, Esquire
1306 Woodlawn St.
Dunmore, PA 18509-1537

Aaron Krauss, Esquire
Cozen O'Connor
1900 Market St.
Phila., PA 19103

Adolfo J. Anzola, Esquire
Winget Spadafora & Schwartzberg, LLP
45 Broadway, 19th Flr.
New York, NY 10006

Andrew William Davitt, Esquire
Marshall, Dennehey, Warner,
Coleman & Goggin
1845 Walnut St., 17th Flr.
Phila., PA 19103

Robert M. Cavalier, Esquire
Lucas & Cavalier LLC
1601 Market St., Suite 2230
Phila., PA 19103

Allen M. Silk, Esquire
993 Lenox Drive
Building 2
P.O. Box 5315
Princeton, NJ 08542

Kevin M. Kinross, Esquire
Bricker & Eckler LLP
100 South Third Street
Columbus, OH 43215

130306.1

Arlene Fickler, Esquire
Hoyle, Fickler, Herschel & Matthes
One South Broad St., Suite 1500
Phila., PA  19107

David L. Braverman, Esquire
1200 One Liberty Place
1650 Market St.
Phila., PA 19103-7334

Gregory J. Star, Esquire
Powell Trachtman Logan Carrle &
Lombardo, PC
475 Allendale Rd., Suite 200
King of Prussia, PA  19406

John Dempsey, Esquire
Drinker, Biddle & Reath LLP
One Logan Square
18th & Cherry Streets
Philadelphia PA 19103

Michael Butera, Esquire
Counsel for Michael Morreale
121 S. Main St.
Pittston, PA 18640

Robert Gillespie, Esquire
Mylotte, David and Fitzpatrick
15 Public Square Suite 200
Wilkes Barre, PA 18701

Anthony F. Zabicki, Jr. Esquire
Stark-Stark
1800 John F. Kennedy Boulevard
Suite 403
Philadelphia PA 19103

John P. Moses, Esquire
Moses & Gelso
120 S. Franklin Street
Wilkes Barre PA 18701

Ryan Durkin, Esquire
Pier Five at Penns Landing, Suite 200
Philadelphia PA 19106

Richard Bush, Esquire
Powell, Trachtman, Logan, Carrle, Bowman
& Lombardo PC
475 Allendale Road, Suite 200
King of Prussia PA 19046

Louis J. Isaacohn, Esquire

130306.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STEPHEN L. FLOOD, et al | : | No. 3:03-CV-01803-ARC |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS A. MAKOWSKI, ESQUIRE, et al | : | |
| Defendants | : | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF THE**
**PARTIAL MOTION TO DISMISS THIRD PARTY COMPLAINT**
**OF MICHAEL MORREALE PURSUANT TO F.R.C.P. 12(b)(6)**

Third party defendant, Michael Morreale (hereinafter, at times "Mr. Morreale"), submits this

Memorandum of Law in support of his Partial Motion to Dismiss and avers as follows:

**I.      PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

Third party defendant, Mr. Morreale, incorporates by reference the Factual Background and

Procedural Background sections of the Honorable A. Richard Caputo's Memorandum In Determination

Of Motions To Dismiss filed by various defendants.  See a true and correct copy of the Memorandum of

the Honorable A. Richard Caputo attached hereto as Exhibit "A."

On or about September 30, 2004, defendants/third party plaintiffs Thomas A. Makowski,

Thomas P. Pizano, Frank Crossin and Joseph Jones (hereinafter "third party plaintiffs") asserted third

party claims against Mr. Morreale.  See a true and correct copy of third party complaint attached hereto

as Exhibit "B."  The third party plaintiffs allege that Mr. Morreale is a member of the Luzerne County

Retirement Board which is comprised of five members, including the three Luzerne County

Commissioners, the Luzerne County Treasurer and the Luzerne County Controller.  See Exhibit "B" at ¶

7-8.  The third party complaint alleges that Mr. Morreale was the Treasurer of Luzerne County and, as

treasurer, he owed a duty to all other Luzerne County officials and other members of the Board to inform and advise them regarding financial matters.  See Exhibit "B" at ¶ 13.  Third party plaintiffs contend that they relied upon Mr. Morreale to advise them as to whether there were any financial improprieties with regard to the Retirement Fund.  See Exhibit "B" at ¶ 17.  The third party complaint further alleges that third party plaintiffs could not take any action with respect to the Retirement Fund without the assistance of the other Board members, including Morreale. See Exhibit "B" at ¶ 20.

In Count II, third party plaintiffs allege, without factual support, that Mr. Morreale must indemnify third party plaintiffs.  The third party complaint only alleges that Mr. Morreale was a joint tortfeasor with the third party plaintiffs with respect to the claim of breach of fiduciary duty  alleged in the original complaint.  See Exhibit "B" at ¶ 39.

## II.    LEGAL ARGUMENT

### A.    STANDARD FOR DISMISSAL PURSUANT TO F.R.C.P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate if, after accepting all factual allegations in the complaint as true "and drawing all reasonable inferences in plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  See Pension Benefit Guar. Corp. v.

<u>White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d. Cir. 1993).  The Court may also consider "undisputedly authentic" documents.  <u>Id</u>.

In order to survive a motion to dismiss, a plaintiff must set forth information from which each element of a claim may be inferred.  <u>See</u> <u>Kost v. Kozakiewcz</u>, 1 F.3d 176, 183 (3d. Cir. 1993).  The movant bears the burden of establishing that the complaint fails to state a claim upon which relief can be granted.  <u>See</u> <u>Gould Elecs. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000).

**B.**    **COUNT II OF THE THIRD PARTY COMPLAINT AGAINST THIRD PARTY DEFENDANT MR. MORREALE MUST BE DISMISSED PURSUANT TO FED.R.CIV.P. 12(b)(6).**

Count II of the third party complaint for indemnification must be dismissed because the third party plaintiffs have failed to state a claim for which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).  Count II clearly fails to plead that third party defendant, Mr. Morreale, was substantially or primarily responsible for the plaintiffs' alleged injuries.

The record before this Honorable Court reveals that Mr. Morreale had voting rights equal to the other four members of the Board.  Under the Restatement (Second) of Trusts § 258, the third party plaintiffs, as a matter of law, are not entitled to indemnification from Mr. Morreale.[1]

The Restatement (Second) of Trusts § 258 provides the rule for contribution and indemnity of a co-trustee.  The Restatement states as follows:

> (3)    Except as stated in subsection (2), where two trustees are liable to the beneficiary for a breach of trust, each of them is entitled to contribution from the other except that

---

[1] The Restatement (Second) of Trusts §258 has been adopted into Pennsylvania law.  <u>See</u> <u>Huff Estate</u>, 347 Pa. 53, 31 A.2d 507 (Pa. 1943).

(c)     If one of them is substantially more at fault that the other, he is not entitled to contribution from the other but the other is entitled to indemnification from him; or

(d)     If one of them receives a benefit from the breach of trust, the other is entitled to indemnity from him to the extent of the benefit; and any further liability, if neither is more at fault than the other, each is entitled to contribution.

(4)     A trustee who commits a breach of trust in bad faith is not entitled to contribution or indemnification from his co-trustee.

Pursuant to the Restatement (Second) of Trusts § 258, a party may only be indemnified when one of the co-trustees is substantially more at fault than the others.  The Supreme Court of Minnesota in Southern Surety Co. v. Oluf Tessum and Others, 178 Minn. 495, 228 N.W. 326 (Minn. 1929), analyzed the Restatement and concluded that "where the injury results from a violation by one of a duty, which he owes to the other, so that, as between themselves, the act or omission of the one from whom indemnity is sought is the primary cause of the injury."  Southern Surety, 178 Minn. at 503.

The third party plaintiffs allege in Count II, without any factual support, that third party defendant, Mr. Morreale, was substantially at fault, more so than the other members of the Board, for the alleged harm caused to the plaintiffs.  See Exhibit "B" at ¶ 40.  However, third party plaintiffs have failed to set forth any facts supporting this contention and have not pled that Mr. Morreale was the primary cause of the injuries alleged.

The third party plaintiffs allege that the Retirement Board has five members; the three Luzerne County Commissioners, the Luzerne County Treasurer and the Luzerne County Controller.  See Exhibit "B" at ¶ 8.  Mr. Morreale held the position of Treasurer of Luzerne County.  See Exhibit "B" at ¶ 5. Mr. Morreale was one of the five voting members of the Board.  His vote carried the same weight and effect as the other Board members.  Each member of the Board had the same vote, the same responsibilities and owed the same duties to the Plan.  Since each of the five board members had the

- 10 -

same 1/5 vote, Mr. Morreale cannot, as a matter of law, be substantially more at fault than the other board members.

Third party plaintiffs admit in the third party complaint that "Morreale was a joint tortfeasor with Makowski, Pizano, Crossin and Jones with respect to fiduciary duties" as alleged in the original complaint. See Exhibit "B" at ¶ 39. Therefore, it is irrelevant how long Mr. Morreale served on the Board or his continuity of his service.

The third party plaintiffs are not entitled to indemnification from Mr. Morreale because, as a matter of law, he was not substantially more at fault and/or more responsible than other Board members for investment decisions made by the Board on behalf of the Plan. The third party plaintiffs are not entitled to indemnification from Mr. Morreale as a matter of law pursuant to the Restatement (Second) of Trusts § 258.

## III.    CONCLUSION

Based upon the foregoing arguments, third party defendant Michael Morreale respectfully requests the Court to Dismiss With Prejudice Count II of the third party complaint against third party defendant, Michael Morreale, for failure to state a claim for which relief can be granted.

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P.


By:    _____
       Louis J. Isaacsohn, Esquire
       Attorney for Third Party Defendant
       Michael Morreale

130306.1

## IN THE UNITED STATES DISTRICT
## <u>COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| STEPHEN L. FLOOD, et al | : | No. 3:03-CV-01803-ARC |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS A. MAKOWSKI, ESQUIRE, et al | : | |
| Defendants | : | |

## <u>O R D E R</u>

**AND NOW**, this _____ day of December, 2004, following the reading of the motion made by Michael Morreale to partially dismiss the third party complaint asserted by Thomas A. Makowski, Thomas P. Pizano, Frank Crossin and Joseph Jones and upon a reading of the opposition thereto, it is hereby **ORDERED** that Count II of the third party complaint against Michael Morreale is dismissed with prejudice.

BY THE COURT:

_____
A. Richard Caputo, J.
United States District Court Judge

130306.1