## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN L. FLOOD,                 :
Luzerne County Controller, and    :
THE LUZERNE COUNTY           :
RETIREMENT BOARD o/b/o       :
THE LUZERNE COUNTY           :
EMPLOYEE RETIREMENT SYSTEM,  :
                             :
    Plaintiffs,               :
                             :      CIVIL ACTION NO. 3:CV-03-1803
      v.                :
                             :
THOMAS A. MAKOWSKI, *et al.*,   :      (JUDGE CAPUTO)
                             :
    Defendants.             :

## <u>MEMORANDUM</u>

Presently before the Court are two partial motions dismiss the third-party complaints against Michael Morreale.  (Docs. 257.1 and 258.1.)  I will grant the motion to dismiss the indemnity claim brought by Defendants Makowski, Pizano, Crossin, and Jones (hereinafter Makowski *et al.*) because, as voting members of the Luzerne County Retirement Board, no trustee can be more responsible than any other trustee.  I will dismiss the claim of intentional interference with contractual relations[1] raised by ASCO Financial Group, Donald Williamson, Maria Williamson, Joseph Perfilio, and Michael Joyce (hereinafter ASCO *et al*.) because Michael Morreale was acting as an agent of the Luzerne County retirement plan.  The accompanying request for punitive damages is therefore also dismissed, thus, Mr. Morreale's motion to dismiss punitive damages is moot.

---

[1]  Pennsylvania law also refers to the tort as "intentional interference with contract," "tortious interference with contract," and "malicious interference with contract."  There is no substantive difference between these claims.  I will refer to the claim in my opinion as it is identified in the counterclaim, "intentional interference with contractual relations."

**FACTUAL BACKGROUND**

The present action focuses on the events leading up to and surrounding the investment contracts made by the Luzerne County Retirement Board (hereinafter the Board) and Board members during the period of 1988 to 2002.  Luzerne County maintains a pension plan for employees (hereinafter the Plan) which is administered by the Board.  In March 1988 the Board retained ASCO Financial Group, Inc. (hereinafter ASCO) as an investment advisor to the Plan.  During the course of the relationship with ASCO, various Board members approved contracts to invest the Plan's money.  The Board members allegedly involved are Thomas A. Makowski, Thomas P. Pizano, Frank Crossin, and Joseph Jones.[2]  In 1999, the Plan contracted with ASCO to administer the daily operations of the Plan.  In September 2002 the Board dissolved its relationship with ASCO.  Plaintiffs allege that various Board members engaged in a pay-to-play scheme in which contracts to invest or manage pension plan assets were awarded in exchange for campaign contributions to various Board members' reelection campaigns.

**PROCEDURAL BACKGROUND**

On October 9, 2003, Plaintiffs filed a ninety-eight page Complaint raising eight claims against twenty-six Defendants.  Nearly all of the original Defendants filed motions to dismiss. (Docs. 46, 91, 93, 95, 96, 98, 100, 104, and 108.)  I granted the motions in part and denied the motions in part. (Doc. 181.)  Since then, several parties have settled their disputes.  At the present time, the remaining claims include:  beach of fiduciary duty

---

[2] The Complaint also alleges that Board members Joseph S. Tirpak, Jim Phillips, and Frank Trinisewski acted with the aforementioned Board members in approving certain contracts (*see, e.g.,* Doc. 1 ¶ 46), but they are not named as defendants.

(Defendants Makowski, Pizano, Crossin, Jones, ASCO, and Donald Williamson); RICO violations for conducting and participating in an enterprise by engaging in a pattern of racketeering activity (Defendants Makowski *et al.*, ASCO, Donald Williamson, Maria Williamson, *et al.*); conspiring to commit RICO violations (all Defendants); violating the Investment Advisors Act (Defendants Donald Williamson and ASCO); and unjust enrichment (Defendants ASCO, Donald Williamson, *et al.*).  Defendants then filed answers which included counterclaims, cross-claims, and affirmative defenses.

Makowski *et al.* filed third-party claims against Michael Morreale for breach of fiduciary duties, indemnity, and contribution.  (Doc. 206.)  ASCO *et al.* filed third-party claims against Michael Morreale for contribution, indemnity, and intentional interference with contractual relations.[3]  (Doc. 212.)  The current motions challenge the indemnity claim brought by Makowski *et al.*  (Doc. 257.1) and the intentional interference with contractual relations claim and the accompanying demand for punitive damages brought by ASCO, *et al.*  (Doc. 258.1.)

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

---

[3]  ASCO *et al.* also brought additional claims of indemnity and contribution against other parties not relevant to the current motion.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**1)      Indemnity**

Makowski *et al.* seek indemnity from Mr. Morreale for any costs they incur during this litigation. At issue here is whether the allegation in the third-party claim that "Morreale is substantially more at fault than Makowski, Pizano, Crossin or Jones with

respect to the claims set forth in the breach of fiduciary duty claims alleged in the complaint" (Doc. 206 ¶ 40) is incorrect as a matter of law.

"Where two trustees are liable to the beneficiary for a breach of trust, each of them is entitled to contribution from the other, except that (a) if one of them is substantially more at fault than the other, he is not entitled to contribution from the other, but the other is entitled to indemnity from him; . . . ." RESTATEMENT (SECOND) OF TRUSTS § 258 (1959); *see also In re Huff's Estate,* 31 A.2d 507, 510 (Pa. 1943) (citing section 258 of RESTATEMENT OF TRUSTS). The comments to the Restatement explain that a trustee may be substantially more at fault when: (1) he fraudulently induced the other trustees to join in the breach of trust; (2) he intentionally committed a breach of trust and the other trustees were at most guilty of negligence; (3) he controlled the conduct of the other trustees because of greater experience; or (4) he committed the breach alone and the other trustees are liable because of improper delegation or failure to exercise reasonable care to prevent the breach. RESTATEMENT (SECOND) OF TRUSTS § 258 cmt. d (1959). Mr. Morreale contends that because the actions for which he may be liable were all made during his service as a trustee of the Plan as a member of the Board, he cannot be any more responsible for any liability than the other Board members. Makowski *et al.* counter that recent case law permits co-trustees to seek indemnity.

I begin by noting that there is little case law available on the issue of indemnity between co-trustees. What little case-law exists is not binding on the Court because it is not from the Pennsylvania Supreme Court, and, more notably, none of the case law even directly relates to Pennsylvania law. Instead, the available case law builds on section 258 of the Restatement (Second) of Trusts. *See Press-Gutman Co. v. First Union Nat'l*

*Bank*, No. Civ. A. 02-8442, 2004 WL 1091048 (E.D. Pa. May 14, 2004) (ERISA case);

*Site-Blauvelt Eng'rs, Inc. v. First Union Corp.*, 153 F. Supp. 2d 707 (E.D. Pa. 2001)

(same); *Green v. William Mason & Co.*, 976 F. Supp. 298 (D.N.J. 1997) (same); *Cohen v.*

*Baker,* 845 F. Supp. 289 (E.D. Pa. 1994) (same).  All of the cases cited by Makowski *et*

*al.* involved situations where an officer or administrator was responsible for unilateral

actions that harmed the trust.  *Press-Gutman Co.*, No. Civ. A. 02-8442, 2004 WL

1091048 (plan administrator); *Green*, 976 F. Supp. 298 (manager and advisor to the

plan); *Cohen,* 845 F. Supp. 289 (plan administrator).  *But see Site-Blauvelt Eng'rs, Inc.*,

153 F. Supp. 2d 707 (relationship of parties unknown).  In such circumstances, co-

trustees can be held liable for their failure to properly monitor a trust.

　　　None of the cases cited by Makowski *et al.* involved co-trustees who exercised

their authority through a voting process.  The distinction between voting co-trustees and

administrators or officers, although subtle, strikes me as determinative of the issue in the

present motion; *i.e.*, administrators and officers functioning as trustees or fiduciaries are

capable of effectuating decisions unilaterally, whereas a trustee serving on a board is

only able to exercise authority through the voting process.  Thus, a board-member

trustee's acts can never unilaterally bind the co-trustees to liability.  The result is that,

while trustees on a board may owe contribution to one another for shared liabilities, they

will never owe indemnity to one another because the nature of the voting process

prevents one trustee from being substantially more at fault than the other.

　　　The fact that Mr. Morreale was the Luzerne County Treasurer does not alter my

analysis.  Mr. Morreale sat on the Board based on his *elected* position of Treasurer, not

because he necessarily held any greater skill than any other Board member.  In addition,

the fact that Board members chose to rely upon Mr. Morreale to supervise the Plan's

investment portfolio does not relieve them of their fiduciary duties to the Plan.  The

allegations against Mr. Morreale do not suggest that he intentionally committed any

breaches.  Thus, the allegations fail to allege that Mr. Morreale intentionally committed a

breach of trust while the other trustees were only negligent.  Nor do the allegations

against Mr. Morreale include any suggestion that he fraudulently induced the other board

members to join in a breach of trust.  Because Mr. Morreale served his role as a trustee

in the same capacity as the other trustees, he is not liable to indemnify them for any

damages to which they are liable.  Thus, I will grant Mr. Morreale's motion to dismiss the

indemnity claim brought by Makowski *et al.*  This holding is not intended to affect any

obligations to provide contribution.

**2)      Intentional Interference with Contractual Relations**

Defendants ASCO *et al.* raise a claim for intentional interference with contractual

relations against Mr. Morreale.  They contend that in his capacity as a Board member, he

inappropriately canceled the contract with ASCO and engaged in other activities on the

Board which harmed ASCO's relationship with the Board and were motivated by Mr.

Morreale's personal political goals rather than his concern for the best interest of the

Plan.  Mr. Morreale moves to dismiss for failure to state a claim.

Intentional interference with contractual relations requires the following elements:

"(1) the existence of a contractual relationship; (2) an intent on the part of the defendant

to harm the plaintiff by interfering with that contractual relationship; (3) the absence of a

privilege or justification for such interference; and (4) damages resulting from the

defendant's conduct."  *Hennessy v. Santiago*, 708 A.2d 1269, 1278 (Pa. Super. Ct. 1998)

(citing *Triffin v. Janssen*, 626 A.2d 571, 574 (1993)).  A fundamental requirement of

interference with contractual relations is the existence of a contract between the plaintiff

and a third party.  *E.g., Nix v. Temple Univ. Of Commw. Sys. Of Higher Educ.*, 596 A.2d

1132, 1137 (Pa. Super. Ct. 1991) ("The tort of interference with contract is defined in

terms of unprivileged interference with a contract with a third party.  Essential to the right

of recovery on this theory is the existence of a contractual relationship between plaintiff

and a party other than the defendant.");  *Glenn v. Point Park Coll.,* 272 A.2d 895, 898 (Pa.

1971); *see generally* RESTATEMENT (SECOND) OF TORTS § 766.

"An agent cannot tortiously interfere with its principal's contract when acting within

the scope of his agency."  *Werther v. Rosen,* No. 1078 MAY.TERM 2002, 2003 WL

1848570, at \*2 (Pa. Com. Pl. Feb. 13, 2003) (citing *Nix,* 596 A.2d at 1137; *Rutherford v.*

*Presbyterian-Univ. Hosp.*, 612 A.2d 500 (1992); and *Daniel Adams Assocs.. v. Rimbach*

*Publ'g, Inc.*, 519 A.2d 997 (Pa. Super. Ct. 1987)).  Because corporate and other legal

entities can only act through its employees or officers, persons acting in those functions

are treated as the same entity for purposes of actions for interference with contractual

relations.  *Daniel Adams Asscs.,* 519 A.2d at 1000 (citing *Raab v. Keystone Ins. Co.,* 412

A.2d 638, 639-40 (Pa. Super. Ct. 1980)).

Because the allegations of contractual interference in the present action all relate

to actions of Mr. Morreale while he was acting in his capacity as either a Board member

or agent of the Plan, as a matter of law, there was no third party interfering with the

contractual relations, and the counterclaim fails to state a claim upon which relief may be

8

granted.  Although ASCO *et al*. allege that Mr. Morreale was acting *ultra vires* when he interfered with the contractual relations, the allegation in the counterclaim actually alleges a breach of his fiduciary duties, rather than actions made outside of those authorized by law.  Recourse for such an act would be through an action for breach of his fiduciary duties, not an interference with contractual relations claim, because the actions he took were within the authority he held as a member of the Board.  Thus, I will grant the portion of Mr. Morreale's motion as it relates to dismissing the intentional interference with contractual relations claim.

## 3)  Punitive Damages

Mr. Morreale next argues that ASCO *et al.* have failed to properly pled the elements necessary to entitle them to punitive damages.  However, the request for punitive damages is related only to the claim for intentional interference with contractual relations.  Because the underlying claim will be dismissed, the request for punitive damages is no longer pending, and Mr. Morreale's motion to dismiss those damages is moot.

## CONCLUSION

I will grant the motion to dismiss the indemnity claim brought by Makowski *et al*. because as voting members of the Board, no trustee could be more responsible than any other trustee.  I will dismiss the claim of intentional interference with contractual relations brought by ASCO *et al.* because Mr. Morreale was acting as an agent of the Plan.  Because the intentional interference with contractual relations claim will be dismissed, the request for punitive damages is also dismissed, and Mr. Morreale's motion to dismiss that

demand for damages is moot.

An appropriate order follows.


April 8, 2005                                         /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                             United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

STEPHEN L. FLOOD,
Luzerne County Controller, and
THE LUZERNE COUNTY
RETIREMENT BOARD o/b/o
THE LUZERNE COUNTY
EMPLOYEE RETIREMENT SYSTEM,

  Plaintiffs,

     v.

THOMAS A. MAKOWSKI, *et al.*,

  Defendants.

         :
         :  CIVIL ACTION NO. 3:CV-03-1803
         :
         :  (JUDGE CAPUTO)

## ORDER

**NOW**, this <u>8th</u> day of April, 2004, **IT IS HEREBY ORDERED that**:

(1) Partial Motion to Dismiss Third Party Complaint Against Michael Morreale Pursuant to F.R.C.P. 12(b)(b) (Doc. 257.1) is **GRANTED**; the claim by Makowski, Pizano, Crisson, and Jones against Michael Morreale for indemnification is **DISMISSED**.

(2) Partial Motion to Dismiss Defendants' Third Party Complaint Against Michael Morreale Pursuant to F.R.C.P. 12(b)(b) (Doc. 258.1) is **GRANTED**; the claim against Michael Morreale for intentional interference with contractual relations is **DISMISSED**.

         <u>/s/ A. Richard Caputo</u>
         A. Richard Caputo
         United States District Judge