# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN L. FLOOD, *et al.*, | |
| Plaintiffs, | CIVIL ACTION NO. 3:CV-03-1803 |
| v. | (JUDGE CAPUTO) |
| THOMAS A. MAKOWSKI, *et al.*, | |
| Defendants. | |
| | |
| ASCO FINANCIAL GROUP, INC., *et al.*, | |
| Third-Party Plaintiffs, | |
| v. | |
| MERRILL LYNCH & CO. INC., *et al.*, | |
| Third-Party Defendants. | |

## **MEMORANDUM**

Presently before the Court is Motion of Third-Party Merrill Lynch Defendants to Dismiss Counts IV, V, and VI of Third-Party Complaint. (Doc. 276.) I will grant the motion to dismiss in its entirety. I will dismiss the claim of contribution brought by ASCO Financial Group, Donald Williamson, Maria Williamson, Joseph Perfilio, and Michael Joyce (hereinafter ASCO *et al.*) against Merrill Lynch & Co., Inc, Merrill Lynch, Pierce, Fenner & Smith Incorporated, the Bender Crisci Sennett & Hudacek Group, Raymond L. Crisci, Rodney F. Sennett, Stephen L. Hudacek, Peter M. Butera, William H. Bender, and Cary T. Crisci (hereinafter Merrill Lynch *et al.*) because ASCO *et al.* and Merrill Lynch *et al.* are not joint tortfeasors as a matter of law. I will also dismiss the claim of indemnification brought by ASCO *et al.* against Merrill Lynch *et al.* because ASCO *et al.*

failed to claim the existence of a relationship between ASCO *et al.* and Merrill Lynch *et al.* that creates a right of indemnity between the parties.  Finally, I will dismiss the claim of intentional interference with contractual relations[1] brought by ASCO *et al.* against Merrill Lynch *et al.* because it is procedurally barred following dismissal of the contribution and indemnification claims.

## FACTUAL BACKGROUND

The present action focuses on the events leading up to and surrounding the investment contracts made by the Luzerne County Retirement Board (hereinafter the Board) and Board members during the period of 1988 to 2002.  Luzerne County maintains a pension plan for employees (hereinafter the Plan) which is administered by the Board.  In March 1988 the Board retained ASCO Financial Group, Inc. (hereinafter ASCO) as an investment advisor to the Plan.  During the course of the relationship with ASCO, various Board members approved contracts to invest the Plan's money.  The Board members allegedly involved are Thomas A. Makowski, Thomas P. Pizano, Frank Crossin, and Joseph Jones.[2]  In 1999, the Plan contracted with ASCO to administer the daily operations of the Plan.  In September 2002 the Board dissolved its relationship with ASCO.  Plaintiffs allege that various Board members engaged in a pay-to-play scheme in

---

[1] Pennsylvania law also refers to the tort as "intentional interference with contract," "tortious interference with contract," and "malicious interference with contract."  There is no substantive difference between these claims.  I will refer to the claim in my opinion as it is identified in the third-party complaint, "intentional interference with contractual relations."

[2] The Complaint also alleges that Board members Joseph S. Tirpak, Jim Phillips, and Frank Trinisewski acted with the aforementioned Board members in approving certain contracts (*see, e.g.,* Doc. 1 ¶ 46), but they are not named as defendants.

2

which contracts to invest or manage pension plan assets were awarded in exchange for campaign contributions to various Board members' reelection campaigns.

## PROCEDURAL BACKGROUND

On October 9, 2003, Plaintiffs filed a ninety-eight page Complaint raising eight claims against twenty-six Defendants. Nearly all of the original Defendants filed motions to dismiss. (Docs. 46, 91, 93, 95, 96, 98, 100, 104, and 108.) I granted the motions in part and denied the motions in part. (Doc. 181.) Since then, several parties have settled their disputes. At the present time, the remaining claims include: beach of fiduciary duty (Defendants Makowski, Pizano, Crossin, Jones, ASCO, and Donald Williamson); RICO violations for conducting and participating in an enterprise by engaging in a pattern of racketeering activity (Defendants Makowski *et al.*, ASCO, Donald Williamson, Maria Williamson, *et al.*); conspiring to commit RICO violations (all Defendants); violating the Investment Advisors Act (Defendants Donald Williamson and ASCO); and unjust enrichment (Defendants ASCO, Donald Williamson, *et al.*). Defendants then filed answers which included counterclaims, cross-claims, and affirmative defenses. The Board member defendants filed third-party claims against Michael Morreale for breach of fiduciary duties, indemnity, and contribution. (Doc. 206.) ASCO *et al.* filed third-party claims against Merrill Lynch *et al.* for contribution (count IV), indemnification (count V), and intentional interference with contractual relations (count VI).[3] (Doc. 212.) The current motion requests that the Court dismiss all claims against Merrill Lynch *et al.*

---

[3] ASCO *et al.* also raised claims against Michael Morreale for contribution (Count I), indemnification (Count II), and intentional interference with contractual relations (Count III), which I dealt with in an earlier opinion (Doc. 310.)

(Doc. 276.)  The motion is ripe for disposition.

## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint."  *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v.*

*Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**DISCUSSION**

**1)    Contribution**

ASCO *et al.* seek contribution from Merrill Lynch *et al.*. They contend that Merrill Lynch *et al.* are partly responsible for the harm to the Plan for which ASCO *et al.* may be found liable. Merrill Lynch *et al.* argue that any damage to the Plan they are allegedly responsible for cannot be attributed to ASCO *et al.* because ASCO *et al.* and Merrill Lynch *et al.* cannot be found to be joint tortfeasors. I agree with Merrill Lynch *et al.*.

"[A] right to contribution arises only among joint tortfeasors." *Foulke v. Dugan*, 212 F.R.D. 265, 270 (E.D. Pa. 2002) (citing *Kemper Nat'l P & C Cos v. Smith*, 615 A.2d 372, 380 (Pa. Super. Ct. 1992). Pennsylvania's Uniform Contribution Among Tortfeasors Act states that joint tortfeasors are "two or more persons jointly or severally liable in tort for the same injury to persons or property, whether or not judgment has been recovered against all or some of them." 42 PA. CONS. STAT. § 8322 (2004). "[T]wo actors are joint tortfeasors if their conduct 'causes a single harm which cannot be apportioned. . . even though [the actors] may have acted independently.'" *Rabatin v. Columbus Lines, Inc.,* 790 F.2d 22, 25 (3d Cir. 1986) (quoting *Capone v. Donovan*, 480 A.2d 1249, 1251 (Pa. Super. Ct. 1984)). Merrill Lynch *et al.* make two arguments for why they cannot be joint tortfeasors with ASCO *et al.* as a matter of law.

First, Merrill Lynch *et al.* argue that the 25% of the Plan they are alleged to have

5

managed is not a subject of the original action. ASCO *et al.* counter that the Complaint seeks to collect all alleged losses incurred by the Plan. I cannot agree with either reading of the Complaint. The Complaint does not seek generalized losses to the Plan, but rather damages resulting from actions pertaining to specific investments alleged to be inappropriate for the Plan. The allegations of the Complaint speak most directly to investments allegedly made by ASCO and its affiliates. However, the Complaint then goes on to claim that "the Plan incurred losses of approximately $2 million in terminating other inappropriate investments." (Doc. 1, ¶ 168.) Assuming Merrill Lynch *et al.* controlled 25% of the Plan during this time, it is not clear from the Complaint whether the Plaintiffs are seeking losses to the Plan incurred through investments made by ASCO *et al.* or Merrill Lynch *et al..* As such, I will not dismiss on these grounds.

Second, Merrill Lynch *et al*. argue that ASCO *et al.* fail to claim that Merrill Lynch *et al*. committed any of the torts alleged in the original Complaint, and therefore they cannot be joint tortfeasors. ASCO *et al.* counter with two arguments. ASCO *et al.* first contend that a liberal reading of the original Complaint suggests an additional underlying tort of negligence. I cannot agree. As I have spelled out in every substantive Order to date, the claims raised in the Complaint are breach of fiduciary duty, RICO violations, violations of the Investment Advisors Act, and unjust enrichment. (*See, e.g.* Doc. 181.) Language used to support an allegation of breach of fiduciary duty will undoubtedly resemble language used to claim negligence given the similarity of the two causes of action. With only a few instances of such language in the original Complaint, I will not read the Complaint to contain an entirely new claim of negligence.

Next, ASCO *et al.* contend that Merrill Lynch *et al.* have committed the underlying tort of breach of fiduciary duty alleged in the Complaint[4], which when combined with ASCO *et al.*'s alleged breach of fiduciary duty makes ASCO *et al.* and Merrill Lynch *et al.* joint tortfeasors.  Assuming arguendo that Merrill Lynch *et al.* have a fiduciary duty to the Board, ASCO *et al.* could advance two scenarios in support of their argument.  In the first scenario, Merrill Lynch *et al.*'s breach would be responsible for inappropriate investments that are only related to ASCO *et al.*'s investments by the fact that they both caused harm to the Plan.  The second scenario involves ASCO *et al.*'s assertion that after termination of ASCO *et al.*'s relationship with the Plan,  Merrill Lynch *et al.* improperly advised the Board to terminate investments initially made by ASCO *et al.*.  Assuming all facts in favor of ASCO *et al.*, neither scenario is sufficient as a matter of law because each fails to cause a single harm to the original Plaintiff that cannot be apportioned.  *See* 42 PA. CONS. STAT. § 8322 (2004).

Whether liability for harm to a plaintiff is capable of apportionment is a question of law.  *See Voyles v. Corwin*, 441 A.2d 381, 383 (Pa. Super. Ct. 1982).  A single indivisible harm is "incapable of being divided on any logical, reasonable, or practical basis. . . ." *Capone*, 480 A.2d at 1251 (1984) (citing RESTATEMENT (SECOND) OF TORTS § 433A cmt. i (1977)).  In either scenario available to ASCO *et al.*, the harm to the Plan that would be caused by ASCO *et al.* and Merrill Lynch *et al.*'s breaches of fiduciary duty are clearly divisible.  In the first scenario, the injury to the Plan can be apportioned according to each

---

[4] ASCO *et al.* do not claim that Merrill Lynch *et al.* have committed the other underlying torts of the Complaint: RICO violations, violations of the Investment Advisors Act, or unjust enrichment.

investment. In the second, the injury allegedly caused by Merrill Lynch *et al.* would be a new injury or an aggravation of the injury caused by ASCO *et al.*. This situation is most analogous to the relationship between a tortfeasor originally causing an injury and a physician who subsequently aggravates or causes a new injury. In Pennsylvania law, it is well established that the injury in such an instance is apportionable and the two parties are not joint tortfeasors. *Smith v. Pulcinella*, 656 A.2d 494, 499 (Pa. Super. Ct. 1995); *Harka v. Nabati*, 487 A.2d 432, 435 (Pa. Super. Ct. 1985); *Voyles*, 441 A.2d 381,384 (Pa. Super. Ct. 1982); *Lasprogata v. Qualls*, 397 A.2d 803, 805 (Pa. Super. Ct. 1979). Because ASCO *et al.* and Merrill Lynch *et al.* cannot be joint tortfeasors as a matter of law, the third-party complaint fails to state a claim for contribution. I will grant Merrill Lynch *et al.*'s motion to dismiss the contribution claim.

**2)     Indemnification**

ASCO *et al.* seek indemnity from Merrill Lynch *et al.* for any costs they incur during this litigation. Merrill Lynch *et al.* argue that ASCO *et al.* have not claimed a relationship between ASCO *et al.* and Merrill Lynch *et al.* that creates a right of indemnity between the parties. I agree.

In the usual case, "indemnity is available to those who are secondarily or vicariously liable from those who are primarily liable." *Svetz For Svetz v. Land Tool Co.*, 513 A.2d 403, 410 (Pa. Super. Ct. 1986). An important point to be noted "is that secondary as distinguished from primary liability rests on a fault that is imputed or constructive only, being based on some legal relation between the parties. . . ." *Builders Supply Co. v. McCabe*, 77 A.2d 368, 371 (Pa. 1951). Additionally, it is an established

8

legal principle that the relationship of joint tortfeasors does not create a right of indemnity between the parties:

> In the case of *concurrent* or *joint* tortfeasors, having no legal relation to one another, each of them owing the same duty to the injured party, and involved in an accident in which the injury occurs, there is complete unanimity among the authorities everywhere that no right of indemnity exists on behalf of either against the other; in such a case, there is only a common liability and not a primary and secondary one, even though one may have been very much more negligent than the other.

*Builders*, 77 A.2d at 371 (emphasis in original).

ASCO *et al.* allege only that ASCO *et al.* and Merrill Lynch *et al.* are joint tortfeasors. There is no other relationship alleged between ASCO *et al.* and Merrill Lynch *et al.* in the third-party complaint. As I discussed previously, ASCO *et al.* and Merrill Lynch *et al.* cannot be joint tortfeasors as a matter of law. And even if they were, ASCO *et al.* would not have a right to indemnification from Merrill Lynch *et al.* ASCO *et al.*'s third-party complaint cannot be construed to allege secondary negligence on the part of ASCO *et al.* and primary negligence on the part of Merrill Lynch *et al.*. ASCO *et al.* fail to state a claim upon which relief may be granted. I will grant Merrill Lynch *et al.*'s motion to dismiss the indemnification claim brought by ASCO *et al*.

**3)    Intentional Interference with Contractual Relations**

ASCO *et al.* allege that Merrill Lynch *et al.* are liable for intentional interference with contractual relations. Upon dismissal of the contribution and indemnification claims brought by ASCO *et al.* against Merrill Lynch *et al.*, this claim is prohibited procedurally.

Rule 14 of the Federal Rules of Civil Procedure, which governs third-party

practice, permits a third-party plaintiff to implead "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a).  An "entirely separate and independent claim cannot be maintained against a third party under Rule 14, even though it . . . arise[s] out of the same general set of facts as the main claim." *Stiber v. United States*, 60 F.R.D. 668, 669 (E.D. Pa. 1973) (citing *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967).

ASCO *et al.*'s claim against Merrill Lynch *et al.* for intentional interference with contractual relations is entirely separate and independent from the claims of breach of fiduciary duty, RICO violations, violations of the Investment Advisors Act, and unjust enrichment in the original Complaint.  Under Rule 14, ASCO *et al.*'s claim against Merrill Lynch *et al.* for intentional interference with contractual relations is procedurally barred.  I will grant Merrill Lynch *et al.*'s motion to dismiss the claim.

## CONCLUSION

I will grant the motion to dismiss the contribution claim brought by ASCO *et al.* because ASCO *et al.* and Merrill Lynch *et al.* are not joint tortfeasors as a matter of law.  I will dismiss the claim of indemnification brought by ASCO *et al.* against Merrill Lynch *et al.* because ASCO *et al.* failed to claim the existence of a relationship between ASCO *et al.* and Merrill Lynch *et al.* that creates a right of indemnity between the parties.  Because the contribution and indemnification claims will be dismissed, I dismiss the claim of tortious interference with contractual relations as procedurally barred.

An appropriate order follows.

| | |
|---|---|
| June 22, 2005 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEPHEN L. FLOOD, *et al.*, | |
| Plaintiffs, | CIVIL ACTION NO. 3:CV-03-1803 |
| v. | (JUDGE CAPUTO) |
| THOMAS A. MAKOWSKI, *et al.*, | |
| Defendants. | |
| ASCO FINANCIAL GROUP, INC., *et al.*, | |
| Third-Party Plaintiffs, | |
| v. | |
| MERRILL LYNCH & CO. INC., *et al.*, | |
| Third-Party Defendants. | |

## **ORDER**

**NOW**, this  22nd  day of June, 2005, **IT IS HEREBY ORDERED** that Motion of Third-Party Merrill Lynch Defendants to Dismiss Counts IV, V, and VI of Third-Party Complaint (Doc. 276.) is **GRANTED**; the claims by ASCO, Donald Williamson, Maria Williamson, Perfilio, and Joyce against Merrill Lynch & Co., Inc, Merrill Lynch, Pierce, Fenner & Smith Inc., the Bender Crisci Sennett & Hudacek Group, Raymond L. Crisci, Sennett, Hudacek, Butera, Bender, and Gary T. Crisci for contribution, indemnification, and intentional interference with contractual relations are **DISMISSED**.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge